F. EDIE MERMELSTEIN, SBN.: 248941
**FEM LAW GROUP**
18811 Huntington Street, Suite 240
Huntington Beach, California 92648
Telephone:    (714) 596-0137
Facsimile:    (714) 841-8810

Attorneys for PLAINTIFF,
Toni Basil (aka Antonia Basilotta)

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONI BASIL aka Antonia Basilotta<br><br>    Plaintiff,<br>v.<br><br>AMC NETWORK ENTERTAINMENT, LLC. and DOES 1-50,<br><br>    Defendants. | CASE NO:  2:20-cv-4273<br><br>**COMPLAINT FOR COPYRIGHT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

## COMPLAINT FOR COPYRIGHT INFRINGEMENT

Plaintiff TONI BASIL aka Antonia Basilotta ("Basil" or "Plaintiff") brings this action against AMC Network Entertainment, LLC ("AMC" or "Defendant"), for injunctive relief, damages and statutory attorney fees under the copyright laws of the United States.

### *SUMMARY OF THE CASE*

1. Plaintiff brings this action seeking to put an immediate stop to, and to obtain redress for, Defendant's deliberate and decisive infringement of the copyright in Plaintiff's sound recording entitled *Mickey* used in a promotional trailer for AMC's Preacher television series.

//

//

1
COMPLAINT FOR COPYRIGHT INFRINGEMENT

## *JURISDICTION AND VENUE*

2. This is a civil action seeking damages and injunctive relief for copyright infringement under the Copyright Act of the United States, 17 U.S.C. § 101, et seq.

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, and such jurisdiction is exclusive of state courts pursuant to 28 U.S.C. § 1338, in that this action arises under the U.S. Copyright Act of 1976, as amended, 17 U.S.C. § 101 et seq.

4. This Court has personal jurisdiction over Defendant because, among other things, Defendant is doing business in the State of California and in this judicial district, the acts of infringement complained of herein occurred in the State of California and in this judicial district, and Defendant has caused injury to Plaintiff and his intellectual property within the State of California and in this judicial district.

5. Venue is proper in this District under 28 U.S.C. § 1391(b)(2) & (3) as well as 28 U.S.C. § 1391(c) in that the unlawful acts alleged below were intentional and were conceived, carried out, or made effective by defendants, and caused harm to Plaintiff, within this District.

## *PARTIES*

6. Plaintiff is a citizen of the State of California, County of Los Angeles. Basil is a multi-talented director, song writer, author, filmmaker, actress, television personality, creator, recording artist and choreographer credited with the iconic sound recording *Mickey*, which has been exploited and unlawfully licensed throughout the world over the last three plus decades.

7. Defendant AMC is a New York limited liability company registered as a foreign LLC with the California Secretary of State. The agent for service of process in California is Corporation Service Company which will do business in California as CSC-Lawyers Incorporating Service. Defendant and/or its affiliates maintain offices in Santa Monica, California. Defendant promotes and distributes network entertainment in the Central District of California, other locations throughout the United States, as well as through the Internet.

//

//

FEM LAW GROUP
18811 Huntington Street, Suite 240
Huntington Beach, CA 92648

## *GENERAL FACTUAL ALLEGATIONS*

8. Plaintiff is the sole author of the sound recording *Mickey* and reverted the US Copyright in the sound recording through a termination of the grant by properly noticing the entity claiming to own the US Copyright. Plaintiff owns 100% of the United States copyright for the sound recording of *Mickey* effective on June 11, 2016. Stillwater Limited brought suit against Plaintiff in USDC Central District Case No. 2:16-cv-1895-SK. On February 5, 2020, after a bench trial, the Court found:

> In March 2013, Basil served a notice of termination under 17 U.S.C. § 203(a) for the DSRs and MSRs to reclaim the copyrights in those sound recordings that she had transferred between 1979 and 1982 to Radialchoice, Stillwater's predecessor-in-interest. As pertinent here, § 203(a) provides that an author's grant of copyright in her work to another may be terminated 35 years after the grant or first publication of the copyrighted work, whichever ends earlier, upon the service and filing of a proper notice. And § 203(b) provides that, on the effective date of termination under that notice, "all rights under th[e Copyright Act] that were covered by the terminated grants revert to the author[.]" The effective date of termination here is June 11, 2016, and no one besides Basil has filed a notice under § 203(a) claiming reversion of the copyrights in [*Mickey*].

9. On March 25, 2013, Basil recorded a notice of termination to the sound recording of *Mickey* effective June 11, 2016, at the United States Copyright Office (Volume 3616, Document 30.) Stillwater Limited was properly and timely served with the notice of termination. In addition, Sony Music Entertainment was also properly and timely served with the notice of termination as well as numerous other persons and entities. Therefore the effective date of reversion for the U.S. Copyright in the sound recording of *Mickey* is June 11, 2016,

10. On or about May 4, 2017, a film/TV music supervisor on behalf Defendant contacted Clive Solomon, a principal from Stillwater Limited with an urgent request and Most Favored Nations offer to use Plaintiff's master recording, *Mickey* for the promotional trailer for the second season of AMC's original TV show Preacher.

11. Defendant fast tracked the promotional trailer utilizing *Mickey*, without verifying ownership or checking the copyright registration with the US Copyright office which had the termination and effective reversion date of the US Copyright to the sound recording of Mickey as

June 11, 2016.

12. On or about May 16, 2017, Plaintiff was informed that a new trailer was playing for the second season of AMC's Preacher using Plaintiff's US Copyrighted sound recording Mickey. Plaintiff immediately sent Defendant a cease and desist letter as soon as Plaintiff was made aware of the airing of the promotional trailer for Season 2 of the AMC TV show Preacher.

13. Despite the cease and desist letter, on or about June 21, 2017, after Defendant had full knowledge of Plaintiff's Copyright termination under Section 203 of the Copyright Act for the US Copyright in the sound recording of *Mickey*, Defendant executed an agreement with Stillwater Limited, granting the rights in *Mickey* for the promotional trailer for Season 2 of the AMC TV show Preacher. Defendant then paid a foreign entity other than Stillwater for the purported licensing of *Mickey.* Through Defendant's conduct alleged herein, including Defendant's public display and use in a promotional trailer of the Copyrighted Work without Plaintiff's permission, Defendant has directly infringed Plaintiff's exclusive rights in the U.S. Copyrighted Work in violation of Section 501 of the Copyright Act, 17 U.S.C. § 501.

14. In February 2017, *Mickey* was used in a national ad campaign for a licensing fee of $75,000.00 for four seconds use of the sound recording. Here, an $18,000.00 licensing fee is believed to have been paid to Stillwater Limited, who Defendant knew or should have known did not own the US Copyright of the sound recording of *Mickey.*

15. As of June 26, 2019, the promotional trailer for Season 2 of the AMC TV show Preacher continued to generate views on the Internet. As of the filing of this lawsuit, the trailer can still be viewed at https://screencrush.com/preacher-season-2-trailer-saint-of-killers/ .

16. Plaintiff is entitled to injunctive relief and redress for Defendant's willful, intentional and purposeful use and exploitation of the infringed sound recording *Mickey* for its own financial benefit with full knowledge that such use constituted infringement and was in disregard of Plaintiff's rights.

## *COUNT I*

## *COPYRIGHT INFRINGEMENT*

### *(17 U.S.C. §§ 106 and 501)*

(By Plaintiff Against Defendant)

17. Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 16 above as if fully set forth herein.

18. Through its conduct alleged herein, Defendant has infringed Plaintiff's copyright in *Mickey* in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

19. Defendant's acts of infringement are willful, intentional, and purposeful, in disregard of and with indifference to Plaintiff's rights.

20. As a direct and proximate result of said infringement by Defendant, Plaintiff is entitled to damages in an amount to be proven at trial.

21. Plaintiff is also entitled to Defendant's profits attributable to the infringement, pursuant to 17 U.S.C. § 504(b), including an accounting of and a constructive trust with respect to such profits.

22. Plaintiff is further entitled to their attorney's fees and full costs pursuant to 17 U.S.C. § 505 and otherwise according to law.

23. As a direct and proximate result of the foregoing acts and conduct, Plaintiff has sustained and will continue to sustain substantial, immediate, and irreparable injury, for which there is no adequate remedy at law. Plaintiff is informed and believes and on that basis alleges that unless enjoined and restrained by this Court, Defendant will continue to infringe Plaintiff's rights in *Mickey.* Plaintiff is entitled to preliminary and permanent injunctive relief to restrain and enjoin Defendant's continuing infringing conduct.

## *PRAYER FOR RELIEF*

WHEREFORE, based on the foregoing, Plaintiff respectfully prays for judgment against Defendants, and each of them, jointly and severally, as follows:

1. For damages in such amount as may be found or as otherwise permitted by law.

2. For an accounting of, and the imposition of constructive trust with respect to, Defendants' profits attributable to their infringements of Plaintiff's U.S. copyright in *Mickey.*

3. For a preliminary and permanent injunction prohibiting Defendants, and their respective agents, servants, employees, officers, successors, licensees, and assigns, and all persons acting in concert or participation with each or any of them, from continuing to infringe Plaintiff's U.S. copyright in the sound recording of *Mickey.*

4. For costs and attorney's fees, to the extent permitted by law;

5. For prejudgment interest according to law; and

6. For such other and further equitable and legal relief as this Court may deem necessary, just and proper.

Dated: May 11, 2020                                  FEM LAW GROUP

                                            BY:   _____/s/_____
                                                  F. Edie Mermelstein
                                                  *Attorneys for Plaintiff*
                                                  *Antonia Basilotta (p/k/a Toni Basil)*

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby requests a jury trial in this matter.

Dated: May 11, 2020                                  FEM LAW GROUP

                                            BY:   _____/s/_____
                                                  F. Edie Mermelstein
                                                  *Attorneys for Plaintiff*
                                                  *Antonia Basilotta (p/k/a Toni Basil)*

**FEM LAW GROUP**
18811 Huntington Street, Suite 240
Huntington Beach, CA 92648